.PETER LEIBER, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

1. Railroads: FIRE SET BY ENGINE: DAMAGES: EVIDENCE. In an action to recover damages for the destruction of certain trees by a fire set out by one of the defendant's engines, evidence that it would be difficult to grow trees in the place of those destroyed, by reason of the shade of other trees, is competent, as tending to show the value of the trees destroyed.

2. ———: ———: ———. Evidence that the plaintiff had brought another suit to recover for a less number of trees than that claimed to have been destroyed in this action, held, to be incompetent for the purpose of impeachment.

3. **Practice**: INSTRUCTIONS TO JURY: APPEAL: REVIEW. The refusal of the trial court to give an instruction to the jury as to the effect of certain evidence will not be reviewed in the supreme court, where the record does not purport to contain all the evidence.

4. ——: ——: ——: ——. The charge of the trial court to the jury will not be reviewed in the supreme court, where no objections were raised thereto in the court below, by motion for new trial or otherwise.

5. ——: VERDICT: EVIDENCE: REVIEW. The sufficiency of the evidence in a cause to support the verdict will not be determined by the supreme court, where the record before it does not purport to contain all the evidence.

*Appeal from Guthrie District Court.*—HON. O. B. AYRES, Judge.

WEDNESDAY, DECEMBER 16, 1891.

ACTION to recover for the value of certain property destroyed by fire set out by an engine operated upon the defendant's railroad. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Cardell & Nichols*, for appellant.

*J. A. Gallaher*, for appellee.

BECK, C. J.—I. The objections to the judgment will be considered in the order of their presentation in the appellant's printed argument, and the facts of the case will be stated so far as may be necessary in the discussion of the points upon which they arise.

II. Plaintiff in his petition claimed to recover one hundred and twenty-five dollars for damages sustained by reason of the injury or destruction of fifty-one maple trees. Recovery is sought for the destruction of other property, the whole amount claimed being two hundred and sixteen dollars and twenty-five cents. The verdict was for ninety-eight dollars and fifty cents. A witness

1. RAILROADS: fire set by engine: damages: evidence.

was permitted to testify, against the defendant's objection, that it would be difficult to grow trees in the place of those destroyed, by reason of the shade of other trees.  It is insisted that, as the measure of the plaintiff's damage on account of the destruction of the trees is the value thereof, the evidence is incompetent. But the value of the trees may have been in some measure dependent upon the difficulty or cost of supplying their place by other trees.  The evidence was, therefore, rightly admitted.

III.  Plaintiff's son was asked if his father had not brought another suit to recover for thirty-five trees. An objection to the evidence sought to be elicited was rightly sustained on the ground of its irrelevancy.  It is claimed that the evidence was competent to impeach the witness.  It would not have had that effect.  The witness testified that, before the suit was brought the plaintiff did not claim compensation for all the trees killed, and gave the reasons therefor.  Clearly, an answer to the question would not have tended to impeach the witness.

2. —: —: —.

IV.  An instruction asked by the defendant was refused which is now the foundation of an objection to the judgment.  It is not made to appear that the instruction was erroneously refused. It directs the jury that the testimony shows the fire originated one hundred and thirty-four feet from the track of the defendant's railroad.  It is not competent for the court to direct the jury as to the effect of the evidence, or the facts established thereby, unless there be no conflict in the testimony.  The abstract fails to show this fact.  It does not present all the evidence, or any evidence as to the distance of the place of the origin of the fire from the railroad track. The instruction was, we will presume, rightfully refused, for the reason that it erroneously directed the jury as to the effect of the evidence.  The instruction presents rules of law applicable to the case which are contained

3. PRACTICE: instructions to jury: appeal: review.

substantially in other instructions given on the court's own motion. It was not necessary to repeat them in the instruction refused.

V. Counsel complain of the instructions given by the court to the jury. No exceptions are shown by the transcript to have been taken in the court below to these instructions, and no objections to them were raised in the district court, upon a motion for a new trial or otherwise. Under familiar rules of practice of this court, we cannot review them.

4. ——: ——: ——: ——.

VI. The defendant insists that the verdict of the jury, and their special findings, are not supported by the evidence. The abstract of the defendant does not purport to give all the evidence. It simply claims to be a correct abstract of the testimony "so far as the same is necessary to a correct understanding and consideration of the questions involved and presented for the decision of this court." Counsel cannot determine what evidence is necessary to be considered in this court. All must be presented in the abstract, so that the court may decide upon its relevancy, competency and effect. We cannot review the question of the sufficiency of the evidence unless it is all before us. But it is probable that, as the plaintiff files an amended abstract which presents evidence in addition to that found in the original abstract, it must be assumed that we have in both abstracts all the evidence before us. In this view, however, the evidence before us sufficiently supports the verdict and special findings of the jury. We cannot, therefore, disturb them. The judgment of the district court is AFFIRMED.

5. ——: verdict: evidence: review.